IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE GENE JACKSON, | § | |
| a/k/a LAWRENCE GENE PAGE, | § | |
| #22036628, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:21-cv-02482-G (BT) |
| | § | |
| DALLAS COUNTY JAIL, et al., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Lawrence Gene Jackson, a state prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983 that included claims for habeas relief under 28 U.S.C. § 2254. *See Jackson v. Dallas County Jail*, et al., Case No. 3:21-cv-149-G (BT). The Court severed his habeas claims from his other claims and opened this case. For the following reasons, the Court should transfer Jackson's habeas petition to the Fifth Circuit Court of Appeals as successive.

I.

Jackson has two prior convictions and sentences from Dallas County, Texas. *See The State of Texas v. Lawrence Gene Page*, Case Number F-0101876-MN; *The State of Texas v. Lawrence Gene Page*, Case Number F-0101877-MN. He was charged by indictment with possession with the intent to deliver a controlled substance in Case Number F-0101876-MN, and he was charged by indictment with assault on a public servant/habitual in Case

1

No. F-0101877-MN. Jackson pleaded not guilty to both charges, and on November 29, 2001, the trial court found him guilty as charged in both indictments. He was sentenced to ten years' imprisonment in Case Number F-0101876-MN, and he received twenty-five years' imprisonment in Case Number F-0101877-MN. Jackson did not file a direct appeal in either case. Although he discharged his sentence in Case Number F-0101876-MN, Jackson is presently incarcerated at Dallas County Jail in connection with a parole violation in Case Number F-0101877-MN. https://www.dallascounty.org (last visited Oct. 14, 2022).

Later, Jackson filed two state habeas applications challenging his Dallas County convictions. The Texas Court of Criminal Appeals denied both state habeas applications without a hearing. Jackson then filed three additional state habeas applications attacking the same two Dallas County convictions, and each state habeas application was dismissed as subsequent. He also filed four state habeas applications challenging parole issues.

Then, Jackson filed two § 2254 petitions in this Court, one petition for each of the Dallas County convictions, and the Court consolidated the two cases into one habeas action. *See Page v. Dretke*, Case No. 3:03-cv-2741-G (N.D. Tex.). The Court denied and dismissed the consolidated habeas case and entered judgment. Jackson appealed to the Fifth Circuit Court of Appeals, and the Fifth Circuit denied a certificate of appealability.

Thereafter, the Supreme Court denied Jackson's petition for a writ of certiorari.

In his current petition, Jackson argues: (1) he was the victim of a "false arrest"; (2) he was subjected to an illegal search and seizure; (3) the trial court judge blocked exculpatory evidence in his case; and (4) his two sentences are "void." Am. Pet. 6-7 (ECF No. 8). As relief, Jackson asks this Court to order his case remanded to the trial court, to direct the trial court to dismiss the charges against him, and to direct the Texas Department of Criminal Justice to terminate his parole.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge

panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

The Court denied and dismissed Jackson's first federal habeas petition on August 3, 2004. *See* Case No. 3:03-cv-2741-G (N.D. Tex.), ECF Nos. 21, 22. His new claims could have and should have been addressed in his first petition, and Jackson fails to demonstrate that his claims were not available to him at the time he filed his first petition on November 5, 2003. *See Hardemon*, 516 F.3d at 275. Rather, it appears the alleged errors Jackson raises in his petition were previously known to him. For example, Jackson argues that he was subjected to a "false arrest" in May 2001, when he was the victim of "racial profiling." Am. Pet. 6 (ECF No. 8). There is no indication that any of his claims were not available to him when he filed his first petition.

4

In sum, Jackson raises claims that could have and should have been addressed in his first petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Jackson's successive petition. Jackson must obtain such an order before he may file another petition for habeas relief under § 2254.

### III.

The Court should TRANSFER Jackson's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed October 20, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)